UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUNBELT RENTALS, INC.,<br><br>            Plaintiff,<br><br>    vs.<br><br>SANTIAGO VICTOR,<br><br>            Defendant. | Case No: C 13-4240 SBA<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>Docket 3 |

On September 12, 2013, Plaintiff Sunbelt Rentals, Inc., filed the instant action in this Court against its former employee Defendant Santiago Victor, accusing him of misappropriating trade secrets. Along with the Complaint, Plaintiff filed an Ex Parte Application for Temporary Restraining Order and Preliminary Injunction. Dkt. 3. Plaintiff seeks an immediate injunction enjoining Defendant from soliciting its employees, using confidential information to solicit Plaintiff's customers, disclosing Plaintiff's trade secret information to any third party and directing Defendant to return any confidential information to Plaintiff.

Under Federal Rule of Civil Procedure 65, a TRO may be issued without notice to the adverse party or its counsel only if: "(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and [¶] (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). In addition to the requirements set forth in Rule 65(b)(1), a party must satisfy the notice requirement specified in Civil Local Rule 65-1(b). This Local Rule states that, unless relieved by the Court for good cause shown, "on or

before the day of an ex parte motion for a temporary restraining order, counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party." Id.

Although the restrictions imposed under Rule 65 are stringent, they "reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 438-439 (1974). Accordingly, there are "very few circumstances justifying the issuance of an ex parte TRO." Reno Air Racing Ass'n Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006) (courts have recognized a "very narrow band of cases in which ex parte orders are proper"). For instance, notice may be excused where it "is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing." Id. Or, notice may not be required where providing "notice to the defendant would render fruitless the further prosecution of the action" because the adverse party is likely to destroy evidence. Id.

Here, Plaintiff has not submitted an affidavit or otherwise made any showing in accordance with Rule 65-1(b) that it will suffer immediate and irreparable harm before Defendant can be heard in opposition to the TRO request.[1] Likewise, Plaintiff has made no showing that notice should be excused due to their inability to identify or locate the Defendant or that providing notice would render further prosecution of the action fruitless. Id. Plaintiff's failure to satisfy the requirements for the issuance of a TRO without notice, standing alone, warrants the denial of their request for a TRO. Accordingly,

IT IS HEREBY ORDERED THAT Plaintiff's ex parte application for a TRO is DENIED. Said denial is without prejudice to filing a renewed application for TRO or motion for preliminary injunction. Any renewed request is subject to this Court's Standing

---

[1] There is no indication that Plaintiff provided notice of the instant TRO request to Defendant. In the absence of such a showing, the Court presumes that no such notice was provided.

1 | Orders which limit motions (other that motions for summary judgment) to fifteen-pages.
2 | This Order terminates Docket 3.
3 |     IT IS SO ORDERED.
4 | Dated: September 13, 2013

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge