Beth A. Kahn (SBN 134158)
bkahn@mpplaw.com
Kevin M. Pollack (SBN 272786)
kpollack@mpplaw.com
MORRIS POLICH & PURDY LLP
1055 West Seventh Street, 24th Floor
Los Angeles, California 90017
Telephone: (213) 891-9100
Facsimile:  (213) 488-1178

Attorneys for Defendant
Santiago Victor

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| SUNBELT RENTALS, INC.<br><br>Plaintiff,<br><br>vs.<br><br>SANTIAGO VICTOR,<br><br>Defendant. | Case No.:  C 13-4240 SBA<br><br>Assigned to Hon. Saundra B. Armstrong<br><br>**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM** |

1    Defendant Santiago Victor ("Victor" or "Defendant"), by and through his counsel
2    of record Morris Polich & Purdy LLP, and for his Answer to Plaintiff's Complaint for
3    Injunctive Relief and Damages ("Plaintiff's Complaint") on file herein, hereby answers,
4    denies, and/or alleges as follows:

### NATURE OF ACTION

6    1.    Answering Paragraph 1 of Plaintiff's Complaint, Defendant avers that the
7    Plaintiff alleges the content of a document, that being Plaintiff's Complaint, which
8    speaks for itself and, accordingly, no answer is required.  To the extent an answer is
9    required, Defendant specifically denies that he in any way violated his "Employment
10   Agreement with Sunbelt," "utilize[ed] Sunbelt's Confidential Information to solicit
11   Sunbelt's customers," "solicit[ed] Sunbelt's employees," or "us[ed] or disclos[ed]
12   Sunbelt's Confidential Information to unfairly compete against Sunbelt," and further
13   denies each and every remaining allegation contained in Paragraph 1 of Plaintiff's
14   Complaint.

### PARTIES

16   2.    Answering Paragraph 2 of Plaintiff's Complaint, Defendant is without
17   knowledge or information sufficient to form a belief as to the truth of the allegations
18   contained therein and, therefore, denies the same.  Defendant also avers that the
19   allegations therein call for non-factual, legal conclusions and/or state principles of law
20   and Defendant is, therefore, not required to answer the same.

21   3.    Answering Paragraph 3 of Plaintiff's Complaint, Defendant avers that
22   Paragraph 3 of Plaintiff's Complaint violates Federal Rule of Civil Procedure 10(b).[1]   In
23   further answer to Paragraph 3 of Plaintiff's Complaint, Defendant admits that he resides
24   in San Joaquin County California, that he was formerly employed by Sunbelt, and that

---

[1] As Plaintiff has violated Federal Rule of Civil Procedure 10(b) *passim* throughout its Complaint, Defendant hereby makes this a standing objection.

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM**

he signed the document entitled "Employment Agreement" that is attached to Plaintiff's Complaint as Exhibit "A." Defendant additionally avers that the Plaintiff alleges the content of a document in Paragraph 3 of its Complaint, that being Plaintiff's Exhibit "A" which speaks for itself and, to which no answer is required. As to any remaining allegations contained in said paragraph, Defendant denies each and every remaining allegation contained therein.

4.  Answering Paragraph 4 of Plaintiff's Complaint, Defendant admits that he is currently employed by Ahern Rentals, Inc. As to the remaining allegations contained in said paragraph, Defendant denies each and every remaining allegation contained therein.

5.  Answering Paragraph 5 of Plaintiff's Complaint, Defendant avers that the allegations therein call for non-factual, legal conclusions and Defendant is, therefore, not required to answer the same. Notwithstanding, Defendant admits that Ahern and Sunbelt are competitors and that, to his knowledge, Sunbelt and Ahern co-exist in many markets. To the extent that any other allegation in said paragraph does not call for a legal conclusion, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

**JURISDICTION AND VENUE**

6.  Answering Paragraph 6 of Plaintiff's Complaint, Defendant avers that the allegations therein call for non-factual, legal conclusions and/or state principles of law and Defendant is, therefore, not required to answer the same. To the extent that any allegation in said paragraph does not call for a legal conclusion or state a principle of law and/or to the extent any answer is required, Defendant denies each and every remaining allegation contained therein.

7.  Answering Paragraph 7 of Plaintiff's Complaint, Defendant avers that the allegations therein call for non-factual, legal conclusions and/or state principles of law and Defendant is, therefore, not required to answer the same. In further answer to

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM**

Paragraph 7 of Plaintiff's Complaint, Defendant avers that the Plaintiff alleges the content of a document, that being Plaintiff's Exhibit "A" which speaks for itself and, accordingly, no answer is required.  Defendant admits that he resides in the Northern District of California.  As to any remaining allegations contained in said paragraph, Defendant denies each and every remaining allegation contained therein.

## GENERAL ALLEGATIONS

8.      Answering Paragraph 8 of Plaintiff's Complaint, Defendant avers that the Plaintiff again alleges the content of a document, that being Plaintiff's Contract, which speaks for itself and, accordingly, no answer is required.  To the extent an answer is required, Defendant denies each and every remaining allegation contained in Paragraph 8 of Plaintiff's Complaint.

9.      Answering Paragraph 9 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

10.     Answering Paragraph 10 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

11.     Answering Paragraph 11 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

**A.  Sunbelt's Services**

12.     Answering Paragraph 12 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

13.     Answering Paragraph 13 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

14.     Answering Paragraph 14 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

4

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM**

15. Answering Paragraph 15 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

16. Answering Paragraph 16 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

17. Answering Paragraph 17 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

18. Answering Paragraph 18 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

19. Answering Paragraph 19 of Plaintiff's Complaint, Defendant admits to having signed Employment Agreement, Plaintiff's Exhibit "A" while employed by Sunbelt. Defendant avers that to the extent that Plaintiff alleges the content of a document, that being "Employment Agreements," said documents speak for themselves and, accordingly, no answer is required. Defendant specifically denies Plaintiff's allegation that "Sunbelt limits access to confidential information and monitors who is given access to information." Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same.

20. Answering Paragraph 20 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

21. Answering Paragraph 21 of Plaintiff's Complaint, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

22. Answering Paragraph 22 of Plaintiff's Complaint, Defendant admits attending a program while employed by Sunbelt that Sunbelt called "Jumpstart," however, it did not last six (6) months. Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 22 of Plaintiff's Complaint and, therefore, denies the same.

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM**

23.    Answering Paragraph 23 of Plaintiff's Complaint, Defendant admits attending a program while employed by Sunbelt that Sunbelt called "Jumpstart." Defendant denies the remaining allegations contained in Plaintiff's Paragraph 23.

24.    Answering Paragraph 24 of Plaintiff's Complaint, Defendant specifically denies that it engaged in the "solicitation of Sunbelt personnel" and denies each and every other allegation contained therein.

**B. Sunbelt's Employment Agreement with Defendant**

25.    Answering Paragraph 25 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

26.    Answering Paragraph 26 of Plaintiff's Complaint, Defendant admits that he was promoted to sales representative trainee by Sunbelt and participated in a program called "Jumpstart."  Defendant denies the remainder of the allegations contained therein.

27.    Answering Paragraph 27 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

28.    Answering Paragraph 28 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

29.    Answering Paragraph 29 of Plaintiff's Complaint, Defendant avers that Plaintiff alleges the content of a document, that being Plaintiff's Exhibit "A" or "the Agreement," which speaks for itself and, accordingly, no answer is required.  To the extent an answer is required, Defendant denies each and every remaining allegation contained in Paragraph 29 of Plaintiff's Complaint.

30.    Answering Paragraph 30 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

31.    Answering Paragraph 31 of Plaintiff's Complaint, Defendant avers that the Plaintiff alleges the content of a document, that being Plaintiff's Exhibit "A" or "the Agreement," which speaks for itself and, accordingly, no answer is required.  To the

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM**

1   extent an answer is required, Defendant denies each and every remaining allegation
2   contained in Paragraph 31 of Plaintiff's Complaint.

3   32.   Answering Paragraph 32 of Plaintiff's Complaint, Defendant avers that the
4   Plaintiff alleges the content of a document, that being Plaintiff's Exhibit "A" or "the
5   Agreement," which speaks for itself and, accordingly, no answer is required.  To the
6   extent an answer is required, Defendant denies each and every remaining allegation
7   contained in Paragraph 32 of Plaintiff's Complaint.

8   33.   Answering Paragraph 33 of Plaintiff's Complaint, Defendant avers that the
9   Plaintiff alleges the content of a document, that being Plaintiff's Exhibit "A" or "the
10  Agreement," which speaks for itself and, accordingly, no answer is required.  To the
11  extent an answer is required, Defendant denies each and every remaining allegation
12  contained in Paragraph 33 of Plaintiff's Complaint.

13  34.   Answering Paragraph 34 of Plaintiff's Complaint, Defendant admits that he
14  was an outside sales representative for Sunbelt.  Defendant avers that the remainder of
15  the allegations therein calls for non-factual, legal conclusions and Defendant is,
16  therefore, not required to answer the same.   To the extent that any remaining allegation
17  in said paragraph does not call for a legal conclusion, denies the same.

18  35.   Answering Paragraph 35 of Plaintiff's Complaint, Defendant avers that the
19  allegations therein call for non-factual, legal conclusions and Defendant is, therefore,
20  not required to answer the same.  To the extent that any allegation in said paragraph
21  does not call for a legal conclusion, Defendant denies the same.

22  36.   Answering Paragraph 36 of Plaintiff's Complaint, Defendant specifically
23  denies having access to "confidential materials" while employed by Sunbelt.  Defendant
24  admits to having some training while employed by Sunbelt.  Defendant admits being
25  introduced to some "Sunbelt customers." Defendant avers that the remaining allegations
26  therein call for non-factual, legal conclusions and Defendant is, therefore, not required

27
28                                              7

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND
COUNTERCLAIM**

1    to answer the same.   To the extent that any remaining allegation in said paragraph does

2    not call for a legal conclusion, Defendant denies the same.

3    **C. Defendant's Improper Conduct**

4         37.    Answering Paragraph 37 of Plaintiff's Complaint, Defendant denies each

5    and every allegation contained in Paragraph 37 of Plaintiff's Complaint.

6         38.    Answering Paragraph 38 of Plaintiff's Complaint, Defendant admits the

7    allegations therein and affirmatively states that he gave Plaintiff his two (2) week notice

8    of resignation on August 19, 2013.

9         39.    Answering Paragraph 39 of Plaintiff's Complaint, Defendant admits that he

10   immediately went to work for Ahern Rentals after giving his two (2) week notice of

11   resignation to Sunbelt and being thereupon summarily discharged.  Defendant denies the

12   remaining allegations in Plaintiff's Paragraph 39.

13        40.    Answering Paragraph 40 of Plaintiff's Complaint, Defendant denies the

14   allegations contained therein.

15        41.    Answering Paragraph 41 of Plaintiff's Complaint, Defendant is without

16   knowledge or information sufficient to form a belief as to the truth of the allegations

17   contained therein and, therefore, denies the same.

18        42.    Answering Paragraph 42 of Plaintiff's Complaint, Defendant admits that he

19   is an outside sales representative for Ahern Rentals as he was for Sunbelt.  Defendant

20   further admits that his job duties with Ahern include the leasing of construction

21   equipment and business development as they were with Sunbelt.  Defendant denies the

22   remaining allegations therein.

23        43.    Answering Paragraph 43 of Plaintiff's Complaint, Defendant denies the

24   allegations contained therein.

25        44.    Answering Paragraph 44 of Plaintiff's Complaint, Defendant denies the

26   allegations contained therein.

27

28

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM**

45. Answering Paragraph 45 of Plaintiff's Complaint, Defendant specifically denies that the allegation that he "has disclosed confidential information as defined in his Agreement." Further, Defendant specifically denies the allegation that he is "using Sunbelt's pricing and customer lists to interfere with Sunbelt's business relationships with numerous customers." Defendant admits that some of the customers with whom he has conducted business at Ahern were also his customers at Sunbelt. Defendant denies all remaining allegations contained therein.

46. Answering Paragraph 46 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

47. Answering Paragraph 47 of Plaintiff's Complaint, Defendant admits that a representative from ATS contacted him after he had gone to work for Ahern Rentals and requested that Ahern rent him equipment which it did. Upon information and belief, ATS then returned Sunbelt equipment back to it. Defendant denies the remainder of the allegations contained therein.

48. Answering Paragraph 48 of Plaintiff's Complaint, Defendant avers that the allegations therein call for non-factual, legal conclusions and Defendant is, therefore, not required to answer the same. To the extent that any other allegation in said paragraph does not call for a legal conclusion, Defendant denies the same.

49. Answering Paragraph 49 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

50. Answering Paragraph 50 of Plaintiff's Complaint, Defendant avers that the allegations therein call for non-factual, legal conclusions and Defendant is, therefore, not required to answer the same. To the extent that any other allegation in said paragraph does not call for a legal conclusion, Defendant denies the same.

## COUNT I

## **BREACH OF CONTRACT**

9

51.     Answering Paragraph 51 of Plaintiff's Complaint, Defendant repeats and realleges his answers to Paragraphs 1 to 50, inclusive, of Plaintiff's Complaint as if fully set forth herein.

52.     Answering Paragraph 52 of Plaintiff's Complaint, Defendant avers that the allegations therein call for non-factual, legal conclusions and Defendant is, therefore, not required to answer the same.    To the extent that any other allegation in said paragraph does not call for a legal conclusion, Defendant denies the same.

53.     Answering Paragraph 53 of Plaintiff's Complaint, Defendant avers that the allegations therein call for non-factual, legal conclusions and Defendant is, therefore, not required to answer the same.    To the extent that any other allegation in said paragraph does not call for a legal conclusion, Defendant denies the same.

54.     Answering Paragraph 54 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

55.     Answering Paragraph 55 of Plaintiff's Complaint, Defendant avers that the allegations therein call for non-factual, legal conclusions and Defendant is, therefore, not required to answer the same.    To the extent that any other allegation in said paragraph does not call for a legal conclusion, Defendant denies the same.

56.     Answering Paragraph 56 of Plaintiff's Complaint, Defendant avers that the allegations therein call for non-factual, legal conclusions and Defendant is, therefore, not required to answer the same.    To the extent that any other allegation in said paragraph does not call for a legal conclusion, Defendant denies the same.

57.     Answering Paragraph 57 of Plaintiff's Complaint, Defendant avers that the allegations therein call for non-factual, legal conclusions and Defendant is, therefore, not required to answer the same.    To the extent that any other allegation in said paragraph does not call for a legal conclusion, Defendant denies the same.

58.     Answering Paragraph 58 of Plaintiff's Complaint, Defendant avers that the Plaintiff alleges the content of a document, that being "the Agreement," which speaks

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM**

1   for itself and, accordingly, no answer is required.  To the extent an answer is required,
2   Defendant denies each and every remaining allegation contained in Paragraph 58 of
3   Plaintiff's Complaint.

4       59.    Answering Paragraph 59 of Plaintiff's Complaint, Defendant avers that the
5   Plaintiff alleges the content of a document, that being "the Agreement," which speaks
6   for itself and, accordingly, no answer is required.  To the extent an answer is required,
7   Defendant denies each and every remaining allegation contained in Paragraph 59 of
8   Plaintiff's Complaint.

9       60.    Answering Paragraph 60 of Plaintiff's Complaint, Defendant avers that this
10  paragraph consists of an improper prayer for relief requiring no answer.  To the extent
11  an answer is required, Defendant denies each and every remaining allegation contained
12  in Paragraph 60 of Plaintiff's Complaint.

13      61.    Answering Paragraph 61 of Plaintiff's Complaint, Defendant avers that the
14  allegations therein call for non-factual, legal conclusions and Defendant is, therefore,
15  not required to answer the same.  To the extent that any other allegation in said
16  paragraph does not call for a legal conclusion, Defendant denies the same.

17  **PRAYER FOR RELIEF**

18      Defendant denies that Plaintiff is entitled to any of the relief requested in
19  paragraphs 51 through 61 and/or in Plaintiff's prayer for relief (a) through (d).

20  **COUNT II**

21  **MISAPPROPRIATION OF TRADE SECRETS**

22      62.    Answering Paragraph 62 of Plaintiff's Complaint, Defendant repeats and
23  realleges his answers to Paragraphs 1 to 61, inclusive, of Plaintiff's Complaint as if fully
24  set forth herein.

25      63.    Answering Paragraph 63 of Plaintiff's Complaint, Defendant admits that it
26  received information regarding Sunbelt's customers while working there.  Defendant
27  denies Plaintiff's implication that said information was confidential and specifically

28  

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND
COUNTERCLAIM**

denies Plaintiff's characterization of the information received as set forth by Plaintiff in this Paragraph.   Defendant denies each and every remaining allegation contained in Paragraph 63 of Plaintiff's Complaint.

64.   Answering Paragraph 64 of Plaintiff's Complaint, Defendant avers that the allegations therein call for non-factual, legal conclusions and Defendant is, therefore, not required to answer the same.   To the extent that any other allegation in said paragraph does not call for a legal conclusion, Defendant denies the same.

65.   Answering Paragraph 65 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

66.   Answering Paragraph 66 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

67.   Answering Paragraph 67 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

68.   Answering Paragraph 68 of Plaintiff's Complaint, Defendant avers that the allegations therein call for non-factual, legal conclusions and Defendant is, therefore, not required to answer the same.   To the extent that any other allegation in said paragraph does not call for a legal conclusion, Defendant denies the same.

69.   Answering Paragraph 69 of Plaintiff's Complaint, Defendant avers that the allegations therein call for non-factual, legal conclusions and Defendant is, therefore, not required to answer the same.   To the extent that any other allegation in said paragraph does not call for a legal conclusion, Defendant denies the same.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in paragraphs 62 through 69 and/or in Plaintiff's prayer for relief (a) through (d).

## COUNT III

## UNFAIR COMPETITION

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM**

70.     Answering Paragraph 70 of Plaintiff's Complaint, Defendant repeats and realleges his answers to Paragraphs 1 to 69, inclusive, of Plaintiff's Complaint as if fully set forth herein.

71.     Answering Paragraph 71 of Plaintiff's Complaint, Defendant specifically denies misappropriating Sunbelt's confidential information for his own personal gain or otherwise.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same.

72.     Answering Paragraph 72 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

73.     Answering Paragraph 73 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

74.     Answering Paragraph 74 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

75.     Answering Paragraph 75 of Plaintiff's Complaint, Defendant specifically denies the alleged "conduct" and further denies that he has in any way acted maliciously or willfully to harm Plaintiff.  Further, Defendant avers that the remaining allegations therein call for non-factual, legal conclusions and Defendant is, therefore, not required to answer the same.  To the extent that any other allegation in said paragraph does not call for a legal conclusion, Defendant denies the same.

76.     Answering Paragraph 76 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

77.     Answering Paragraph 77 of Plaintiff's Complaint, Defendant specifically denies that Plaintiff "has no adequate remedy at law" for Defendant's alleged "wrongful conduct" and/or "unfair competition."  Defendant further avers that the remaining allegations therein call for non-factual, legal conclusions and Defendant is, therefore,

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM**

not required to answer the same.   To the extent that any other allegation in said paragraph does not call for a legal conclusion, Defendant denies the same.

<strong>PRAYER FOR RELIEF</strong>

Defendant denies that Plaintiff is entitled to any of the relief requested in paragraphs 70 through 77 and/or in Plaintiff's prayer for relief (a) through (c).

<strong>COUNT IV</strong>

<strong><u>BREACH OF DUTY OF LOYALTY</u></strong>

78.   Answering Paragraph 78 of Plaintiff's Complaint, Defendant repeats and realleges his answers to Paragraphs 1 to 77, inclusive, of Plaintiff's Complaint as if fully set forth herein.

79.   Answering Paragraph 79 of Plaintiff's Complaint, Defendant admits having access to Sunbelt's customer information while employed there but denies that it was "proprietary" or "confidential information."   Defendant denies the remaining allegations contained therein.

80.   Answering Paragraph 80 of Plaintiff's Complaint, Defendant admits that he occasionally emailed himself customer information in the normal course of business as did all other Sunbelt sales representatives.   Defendant denies the remaining allegations contained therein.

81.   Answering Paragraph 81 of Plaintiff's Complaint, Defendant avers that the allegations therein call for non-factual, legal conclusions and Defendant is, therefore, not required to answer the same.   To the extent that any other allegation in said paragraph does not call for a legal conclusion, Defendant denies the same.

82.   Answering Paragraph 82 of Plaintiff's Complaint, Defendant denies the allegations contained therein.

83.   Answering Paragraph 83 of Plaintiff's Complaint, Defendant avers that the allegations therein call for non-factual, legal conclusions and Defendant is, therefore,

14

<strong>DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM</strong>

not required to answer the same.   To the extent that any other allegation in said paragraph does not call for a legal conclusion, Defendant denies the same.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in paragraphs 78 through 83 and/or in Plaintiff's prayer for relief (a) through (c).

## AFFIRMATIVE DEFENSES

Further, as affirmative defenses to each and all of Plaintiff's alleged causes of action, Defendant alleges:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

1.     Plaintiff's Complaint and the causes of action therein fail to state claims upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

2.     By virtue of the acts, deeds, conduct and/or the failures and/or omissions to act under the circumstances, Plaintiff has no right(s) or claim(s) against Defendant and/or has waived its right(s), if any existed, to assert its claims against Defendant.

## THIRD AFFIRMATIVE DEFENSE

### (Lack of Damages)

3.     Plaintiff has suffered and will not suffer any adverse consequences as a result of the actions, if any, by Defendant with regard to this action.

## FOURTH AFFIRMATIVE DEFENSE

### (Waiver and Estoppel)

4.     Plaintiff has waived, by conduct or otherwise, any claims against Defendant, and by its own conduct, are estopped from making any claims against Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5.      Plaintiff's claims against Defendant are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

6.      Plaintiff's claims against the Defendant are barred by applicable statutes of limitations and other applicable law.

## SEVENTH AFFIRMATIVE DEFENSE

### (Diligence)

7.      At all times relevant herein, Defendant acted diligently and with due care in the performance of any duty owed to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (Good Faith)

8.      Defendant acted in good faith in all dealings with Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

### (Justification)

9.      The acts complained of, if undertaken by Defendant, were justified and/or privileged under the circumstances.

## TENTH AFFIRMATIVE DEFENSE

### (Discharge)

10.      Defendant has appropriately, completely and fully performed and discharged any and all of its obligations and legal duties arising out of the matters alleged in the Complaint and any recovery by Plaintiffs would be unjust and inequitable under these circumstances and, therefore, barred by the "preponderance of the equities."

## ELEVENTH AFFIRMATIVE

### (Acts and Omissions of Others)

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM**

11.    If the Plaintiff were damaged as alleged, which is specifically denied, then the damages were caused, in whole or in part, by the acts or omissions of others, whether individual, corporate, or otherwise, whether named or unnamed in the Complaint, for whose conduct the Defendant is not responsible.

### TWELFTH AFFIRMATIVE DEFENSE

### (No Attorney's Fees)

12.    Plaintiff's prayer for attorney's fees is barred to the extent Plaintiff does not satisfy the requirements of California statutes or other applicable rules or statutes.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

13.    Plaintiff's Complaint fails to allege facts, or causes of action, sufficient to support a claim for exemplary or punitive damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

14.    Defendant performed no acts or omissions relative to its dealings with Plaintiff that would warrant the imposition of exemplary or punitive damages.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Excuse)

15.    If Defendant failed to perform any obligation or duty owed Plaintiff, which he expressly denies, there existed a valid excuse or reason for such nonperformance.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Set-Off)

16.    Plaintiff's claims are barred because any damages allegedly suffered by Plaintiff are set off by and equal to or less than the amount of damage suffered by the Defendant as a result of Plaintiff's acts or omissions.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Lack of Good Faith)

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM**

17.    Plaintiff's claims are barred by virtue of Plaintiff's breach of the implied covenant of good faith and fair dealing.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Exemplary Damages)

18.    Defendant requires Plaintiff to prove its claims for exemplary damages by a minimum standard of clear and convincing evidence, as required by the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.  Defendant further requires Plaintiff to prove its claims for exemplary damages beyond a reasonable doubt, as required by the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Lack of Reasonable Cause)

19.    Plaintiff's claims were brought without reasonable cause and without a good faith belief that there was a justifiable controversy under the facts or law which warranted the filing of the Complaint against Defendant.  Plaintiff should, therefore, be responsible for all reasonable defense costs, including reasonable attorneys' fees.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Recovery of Attorney's Fees)

20.    Defendant has been required to retain the services of counsel to assist in defense of the claims asserted in Plaintiff's Complaint and Defendant is entitled to recover reasonable attorneys' fees and costs so incurred.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No Waiver of Other Affirmative Defenses)

21.    Some of the Affirmative Defenses herein have been plead for purposes of non-waiver.  Defendant has not concluded its discovery in this matter and specifically reserves the right to amend this Answer to include additional Affirmative Defenses if discovery of facts so warrant.

18

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM**

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Independent Development)

22.     Plaintiff's claims are barred by the doctrine of independent development. Defendant did not rely on Plaintiff's alleged trade secret, and all independently developed products and/or customer lists are demonstrably different from the products and/or customer lists embodying the alleged trade secret.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Laches)

23.     Plaintiff's claims are barred by the doctrine of laches.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Acquiescence)

24.     Plaintiff acquiesced to or accepted Defendant's alleged conduct, acts or omissions.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Frustration, Impossibility, Impracticability)

25.     Defendant's obligations to perform under the alleged contract were discharged and/or excused and/or are unenforceable because of frustration, impossibility or impracticability.  Therefore, Plaintiff's claims are barred.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Prior Breach)

26.     Defendant's performance under the alleged contract was excused by plaintiff's own first material breach of the contract.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Fraud)

27.     Defendant's performance under the alleged contract was excused by plaintiff's own fraud.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

**(Termination)**

28.   Plaintiff terminated the alleged contract with Defendant and released Defendant from all further performance.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (No Consequential Damages)

29.   Plaintiff is not entitled to consequential damages on the grounds that such recovery is barred by the operative agreement, the equities of the case, common law and/or the fact that such damages were not foreseeable to the parties at the time of entering into the operative agreement.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Unconscionability)

30.   Plaintiff's contract claims and contract-related claims must fail because the purported contract between Plaintiff and Defendant is unconscionable and unenforceable.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Public Policy)

31.   Plaintiff's contract claims and contract-related claims must fail because these claims are barred by public policy.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Illegality)

32.   Plaintiff's contract claims and contract-related claims must fail because the purported contract between Plaintiff and Defendant is invalid, illegal and thus unenforceable.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Penal Code Section 502)

33.   Plaintiff's claims are barred because Plaintiff violated California Penal Code section 502.

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM**

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (Penal Code Section 630 et seq.)

34.   Plaintiff's claims are barred because Plaintiff violated California Penal Code section 630 et seq.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Computer Fraud and Abuse Act)

35.   Plaintiff's claims are barred because Plaintiff violated the Computer Fraud and Abuse Act (18 U.S.C. § 1030).

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Federal Wiretapping Act)

36.   Plaintiff's claims are barred because Plaintiff violated the Federal Wiretapping Act (18 U.S.C. § 2510 et. seq).

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

### (Stored Electronic Communications Act)

37.   Plaintiff's claims are barred because Plaintiff violated the Federal Stored Electronic Communications Act (18 U.S.C. § 2701 et. seq).

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

### (Invasion of Privacy)

38.   Plaintiff's claims are barred because Plaintiff improperly invaded Defendant's reasonable expectations of Privacy.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

### (Illegally-Obtained Evidence)

39.   Plaintiff's claims are barred because Plaintiff illegally obtained evidence in violation of 18 U.S.C. §§ 2510-2520, §2701 et. seq. and *People v. Otto*, 2 Cal.4th 1088, 1098 (1992), which renders such evidence inadmissible.

DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM

## FOURTIETH AFFIRMATIVE DEFENSE

### (Reservation of Further Defenses)

40.     Defendant intends to rely upon such other defenses as may become legally available hereafter or become apparent during discovery, and Defendant hereby reserves the right to amend this answer to assert any such defenses.

## FOURTY FIRST AFFIRMATIVE DEFENSE

### (Further Reservation)

41.     All affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of Plaintiff's Complaint and, therefore, Defendant reserves the right to assert any additional affirmative defenses as matters in avoidance as may disclosed during the course of additional investigation and discovery.   Defendant reserves the right to amend this Answer to include additional Affirmative Defenses if discovery of facts so warrant.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.     That Plaintiff take nothing by virtue of this action;

2.     That judgment be entered in favor of Defendant and against Plaintiff;

3.     That Defendant be awarded his reasonable attorneys' fees;

4.     That Defendant be awarded his costs of suit herein;

5.     That the complaint be dismissed in its entirety with prejudice; and

6.     For such other and further relief as the court may deem just and proper.

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM**

Dated: November 1, 2013                MORRIS POLICH & PURDY LLP


By: /s/ Kevin M. Pollack
Beth A. Kahn
Kevin M. Pollack
Attorneys for Defendant Santiago Victor

## DEMAND FOR JURY TRIAL

Pursuant to F.R.C.P. 38 (b) Defendant hereby demands trial by jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.


Dated: November 1, 2013                MORRIS POLICH & PURDY LLP


By: /s/ Kevin M. Pollack
Beth A. Kahn
Kevin M. Pollack
Attorneys for Defendant Santiago Victor

## COUNTERCLAIMS

As and for his counterclaims against Plaintiff and Counterdefendant Sunbelt Rentals, Inc., Defendant and Counterclaimant Santiago Victor, by his undersigned counsel, alleges as follows:

### NATURE OF THE ACTION

1.    Defendant and Counterclaimant Santiago Victor's ("Victor") counterclaims against Plaintiff and Counterdefendant Sunbelt Rentals, Inc.'s ("Sunbelt") on the grounds that on information and belief after Victor ended his employment relationship with Sunbelt, Sunbelt improperly invaded Victor's

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM**

privacy rights by investigating his post-employment conduct. Victor is informed, believes, and thereon alleges that as part of its investigation into Victor's post-employment conduct Sunbelt improperly intercepted, and used Victor's private electronic data and communications without his knowledge, authorization or consent. Victor is informed, believes, and thereon alleges that Sunbelt also, or in the alternative accessed and monitored Victor's stored private electronic data and communications without his knowledge, authorization or consent.   On information and belief, Sunbelt's conduct exemplifies both an egregious breach of Victor's constitutionally protected rights to privacy, and violations of federal and California state laws protecting the privacy of Victor's electronic data and communications.

## PARTIES

2.     Victor is a citizen and resident of the State of California, County of San Joaquin. Victor is presently employed by Ahern Rentals, Inc. as a sales representative of industrial equipment. Victor was formerly employed by Sunbelt.

3.     Based on information and belief, Sunbelt is a North Carolina corporation with its principal place of business in Fort Mill, South Carolina. On information and belief, Sunbelt conducts business in the State of California by selling, renting and servicing construction, industrial and manufacturing equipment and tools through branch offices located in California, including Richmond, California.

## JURISDICTION AND VENUE

4.     This court has personal jurisdiction over Sunbelt because it is licensed to do business in California, conducts business in California, and has otherwise availed itself to the jurisdiction of this Court by filing its complaint against Victor and otherwise appearing in this action.

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM**

1    5.    This Court has subject matter jurisdiction over this action pursuant to
2  28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000 and complete
3  diversity exists.

4    6.    Moreover, this Court has subject matter jurisdiction over Victor's
5  counterclaims pursuant to 28 U.S.C. § 1331 because this action arises under
6  federal statutes, namely the Federal Wiretap Act, 18 U.S.C. § 2510 – 2520 et. seq.
7  (the "Wiretap Act"), and the Stored Electronic Communication Act, 18 U.S.C. §
8  2701 ("SECA").

9    7.    This Court has supplemental jurisdiction over Victor's state law claims
10  pursuant to 28 U.S.C. § 1367.

11    8.    Victor is informed and believes and thereon alleges that venue of this
12  action is proper in this district court pursuant to 28 U.S.C. § 1391(b) in that a
13  substantial part of the events giving rise to the claims herein occurred in this
14  judicial district.

15    9.    Victor is ignorant of the names of counterdefendants who are referred
16  to herein as Does 1-10, inclusive, and therefore sues these counterdefendants by
17  such fictitious names.  Victor is informed and believes, and thereon alleges, that
18  each of such fictitiously named counterdefendants committed or is legally
19  responsible for the wrongs and damages alleged herein.  Victor will amend this
20  counterclaim to allege their true names and capacities when such have been
21  ascertained.

22    10.    At all relevant times mentioned herein, counterdefendants, and each of
23  them, were the agents, alter egos, employees, joint-venturers, shareholders,
24  directors, officers, members and/or partners of each of the other defendants and, in
25  doing the things alleged herein, were acting within the course and scope of that
26  agency or employment or relationship, or were otherwise responsible for the
27  wrongs and damages alleged herein.

28

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND
COUNTERCLAIM**

## GENRAL ALLEGATIONS

11. Victor was hired by Nation Rent on December 3, 2003 as a Yardman and began working for Sunbelt when it acquired Nation Rent in 2005. Victor was eventually promoted to the position of outside sales representative.

12. While working for Sunbelt, Sunbelt provided Victor with an iPhone and iPad. Victor was required to obtain and personally pay for services associated with the Apple products, including but not limited to internet access.

13. Notwithstanding any written policies to the contrary, it was Sunbelt's custom and practice to allow its employees to use their iPhones and iPads for both personal and work purposes. The same was true with respect to Victor.

14. Victor is informed, believes, and thereupon alleges that although Sunbelt was aware that Victor used his iPhone and iPad for both work and personal purposes. Moreover, Sunbelt never reprimanded or otherwise advised Victor to stop using his iPhone or iPad in a personal capacity. Sunbelt's custom and practice in allowing employees and Victor to use their iPhones and iPads for both work and personal purposes gave Victor a reasonable expectation of privacy in the use of such electronic devices while working for Sunbelt.

15. Victor created and paid for a personal "Apple account" that was linked to both devices.

16. In August, 2013, Sunbelt drastically reduced Victor's sales territory. This had a direct and negative impact on Victor's income. Moreover, Victor feared that he might no longer be able to provide for his family of five (which includes three children). Given no assurances that Sunbelt would increase his sales territory, on August 19, 2013 Victor gave Sunbelt "two week's notice" of his intent to resign and advised Sunbelt that he would begin working for Ahern Rentals, Inc. Although Victor advised his supervisor that he was giving his "two

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM**

1   weeks notice" and that he intended to work for Sunbelt for the two week time
2   period, Sunbelt immediately dismissed Victor.

3       17.   Victor is informed and believes, and based thereon alleges, that
4   Sunbelt considers Ahern Rentals, Inc. to be one of its competitors.

5       18.   After being dismissed on August 19, 2013 Victor returned the iPhone
6   and iPad to Sunbelt. As a result, Victor was without a cellular phone and/or iPad
7   until Ahern Rentals, Inc. issued him new devices when he began working for it.

8       19.   When Ahern Rentals, Inc. issued Victor a new iPhone he registered it
9   under the Apple account he had previously created and personally paid for. This
10  simply "synced" Victor's new phone with his Apple account that had been saved
11  to the Apple's internet based server; the "cloud."

12      20.   Several weeks after receiving the new iPhone, Ahern, Rentals, Inc.
13  issued Victor a new iPad. When Victor registered the new iPad to his Apple
14  account, he discovered that the phone number for his former Sunbelt phone was
15  still linked to his Apple account. Victor therefore deleted the Sunbelt phone
16  number from his Apple account to ensure that his new Ahern issued Apple
17  products were not in any way linked to Sunbelt.

18      21.   Victor is informed, believes, and thereon alleges that after ending his
19  employment relationship with Sunbelt, Sunbelt began actively investigating
20  Victor's post-employment acts, conduct, and communications.

21      22.   Furthermore, Victor is informed, believes, and thereon alleges that as
22  part of its post-employment investigation of Victor, Sunbelt improperly invaded
23  Victor's privacy rights by accessing, intercepting, monitoring, reviewing, storing
24  and using Victor's post-employment private electronic data and electronic
25  communications (including but not limited to text messages sent and received from
26  Victor's Ahern, Rentals Inc. issued iPhone) without authority, permission, or
27  consent.

28

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND
COUNTERCLAIM**

23.    On information and belief, Sunbelt additionally, or in the alternative, violated Victor's privacy rights by intentionally accessing Victor's private electronic communications and data, without authorization, from facilities through which Victor's electronic communications were provided and stored (i.e., Victor's cellular phone provider's network which stores Victor's electronic communications, and or Apple's cloud based network where Victor's electronic communication pertaining to his Apple Account are processed and stored) and where such services and communications were restricted to access by Victor, which Sunbelt obtained through improper means. On information and belief, Sunbelt improperly used the private information pertaining to Mr. Victor that it obtained.

24.    Based on information and belief, Sunbelt's wrongful conduct, alleged herein and above, invaded Victor's reasonable expectations of post-employment privacy and violated: (i) Victor's constitutional privacy rights, (ii) the Federal Wiretap Act, (iii) the Stored Electronic Communication Act, (iv) and other California statutes including but not limited to Penal Code §§ 502 et. seq. ans 630 et seq.

## FIRST COUNTERCLAIM

### (Violations Of The Federal Wiretap Act, 18 U.S.C. § 2510 et seq.)

25.    Victor incorporates by reference and realleges all paragraphs previously alleged herein.

26.    The Wiretap Act, codified at 18 U.S.C. § 2510 et. seq., prohibits the willful interception of any wire, oral, or electronic communication.

27.    18 U.S.C. § 2520(a) provides a private right of action to any person whose wire, oral or electronic communication is intercepted.

28.    The Wiretap Act regulates wire and electronic communications interception and makes it unlawful for a person to intentionally intercept, endeavor

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM**

1  to intercept, or procure any other person to intercept or endeavor to intercept, any
2  wire, oral, or electronic communication," within the meaning of 18 U.S.C.
3  §2511(1).

4       29.   The Wiretap Act also prohibits a person from intentionally using, or
5  endeavoring to use, the contents of any wire, oral, or electronic communication,
6  when the person knows or has reason to know that the information was obtained
7  through the interception of a wire, oral, or electronic communication.

8       30.   The contents of the electronic data transmissions from and to Victor's
9  post-employment mobile devices as alleged herein constitute "electronic
10 communications" within the meaning of 18 U.S.C. §2510.

11      31.   Moreover, Victor is a "person whose ... electronic communication
12 [was] intercepted ... or intentionally used in violation of this chapter" within the
13 meaning of 18 U.S.C. § 2520.

14      32.   Based on information and belief, Sunbelt's conduct as alleged herein
15 and above violated the Wiretap Act. Victor is informed, believes and thereon
16 alleges that Sunbelt began actively investigating Victor's acts, conduct, and
17 electronic communications **after** Victor's employment relationship with Sunbelt
18 ended, and after Victor had returned Sunbelt's electronic hardware (including but
19 not limited to the iPad and iPhone).  Victor is informed, believes, and thereon
20 alleges that as part of its post-employment investigation of Victor, Sunbelt
21 improperly invaded Victor's privacy rights when it began intentionally accessing,
22 intercepting, monitoring, reviewing, and storing Victor's post-employment private
23 electronic data and electronic communications (including but not limited to text
24 messages sent and received from Victor's Ahern, Rentals Inc. issued iPhone)
25 without Victor's knowledge, authorization or consent.

26      33.   Moreover, on information and belief, after Sunbelt improperly
27 acquired Victor's post-employment private electronic data in violation of the

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND
COUNTERCLAIM**

1  Wiretap Act, it improperly used such ill-gotten information to further its
2  investigation into Victor's post-employment conduct in further violation of the
3  Wiretap Act.

4      34.    Victor is informed, believes, and thereon alleges that despite knowing
5  or having reason to know that Victor's post-employment electronic data and
6  communications was obtained through the interception of Victor's personal
7  electronic communications, Sunbelt nonetheless has continued to intentionally use
8  or is endeavoring to use the contents of Victor's post-employment private
9  electronic communications in further violation of the Wiretap Act.

10     35.    Victor is informed, believes, and thereon alleges that Sunbelt's
11 intentional interception of these electronic communications without Victor's
12 knowledge, consent, or authorization was undertaken without a facially valid court
13 order or certification and for an unlawful purpose.

14     36.    Victor is informed, believes, and thereon alleges that Sunbelt
15 improperly accessed and used the contents of the intercepted communications to
16 injure Victor and his reputation in the industrial equipment sales industry, to
17 enhance its profitability and revenue by scaring current and former Sunbelt
18 employees into the belief that they cannot work for Sunbelt's competitors without
19 dire consequences, and to prevent Sunbelt competitors from offering employment
20 opportunities to Sunbelt's current and/or former employees.

21     37.    Victor is informed, believes and thereon alleges that Sunbelt is liable
22 directly and/or vicariously for this cause of action. Victor therefore seeks remedies
23 as provided for by 18 U.S.C. §2520, including such preliminary and other
24 equitable or declaratory relief as may be appropriate, and damages consistent with
25 subsection (c) of that section to be proven at trial and reasonable attorneys' fees
26 and other litigation costs reasonably incurred.

27

28

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND
COUNTERCLAIM**

38.   Victor is informed, believes, and, on that basis, alleges that the wrongful actions of Sunbelt herein alleged were done with the intent to injure Victor and his ability to make a living.  Victor further alleges that Sunbelt knowingly and willfully committed the acts herein alleged in violation of the Wiretap Act. Victor is further informed and believes and, on that basis, alleges that said acts were done with oppression, fraud and malice.  Victor is therefore entitled to exemplary and punitive damages against Sunbelt in an amount according to proof.

39.   Sunbelt's improper conduct as alleged herein and above proximately caused injury to Victor in the form of an affront to his human dignity and the invasion of his reasonable expectations of privacy. Moreover, Sunbelt's conduct alleged herein and above, has directly and proximately made it extremely difficult for Victor to fully perform his job duties.

40.   Victor is informed, believes and thereon alleges that unless restrained and enjoined, Sunbelt will continue to commit such acts. Victor's remedy at law is not adequate to compensate him for these inflicted and threatened injuries, entitling Plaintiff to remedies including injunctive relief as provided by 18 U.S.C. § 2510.

## SECOND COUNTERCLAIM

**(Violations of The Stored Electronic Communications Act, 18 U.S.C. § 2701)**

41.   Victor incorporates by reference and realleges all paragraphs previously alleged herein.

42.   Pursuant to the Stored Electronic Communications Act ("SECA"), "electronic storage" means any "temporary storage of a wire or electronic communication incidental to the electronic transmission thereof," 18 U.S.C. § 2711(1); 18 U.S.C. § 2510(17) (A). This type of electronic storage includes

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM**

communications in intermediate electronic storage that have not yet been delivered to their recipient.

43.    Congress enacted the SECA to prevent "unauthorized persons deliberately gaining access to, and sometimes tampering with, electronic or wire communications that are not intended to be available to the public." Senate Report No. 99-541, S. REP. 99-541, 35, 1986 U.S.C.C.A.N. 3555, 3589.

44.    As such, the SECA mandates, among other things, that it is unlawful for a person to obtain access to stored communications on another's computer system or network without authorization, 18 U.S.C. §2701(a).

45.    Victor is informed, believes, and thereon alleges that in violation of the SECA Sunbelt intentionally accessed, without authorization, facilities through which Victor's electronic communications were provided and stored (i.e., Victor's cellular phone provider's network which stores Victor's electronic communications, and or Apple's cloud based network where Victor's electronic communication pertaining to his Apple Account are processed and stored) and where such services and communications were restricted to access by Victor, which Sunbelt obtained through improper means.

46.    On information and belief, Sunbelt violated the SECA by intentionally accessing Victor's post-employment electronic communications without authorization, and obtaining access to a wire or electronic communication while in electronic storage, by collecting Victor's private post-employment electronic data without authorization. Based on information and belief, Sunbelt intentionally bypassed Victor's consent and obtained access to such electronic information without his authorization or approval.

47.    Victor is informed, believes, and thereon alleges that Sunbelt had actual knowledge of, and benefited from, its acts alleged herein.

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM**

48.    Victor is informed, believes, and thereon alleges that  Sunbelt improperly accessed and used the contents of Victor's electronic data and communications to injure Victor and his reputation in the industrial equipment sales industry, to enhance its profitability and revenue by scaring current and former Sunbelt employees into the belief that they cannot work for Sunbelt's competitors without dire consequences, and to prevent Sunbelt competitors from offering employment opportunities to Sunbelt's current and/or former employees.

49.    Victor is informed, believes and thereon alleges that Sunbelt is liable directly and/or vicariously for this cause of action. Victor therefore seeks remedies as provided for by 18 U.S.C. §2707, including such preliminary and other equitable or declaratory relief as may be appropriate, and damages consistent with subsection (b) and (c) of that section to be proven at trial and reasonable attorneys' fees and other litigation costs reasonably incurred.

50.    Victor is informed and, on that basis, alleges that the wrongful actions of Sunbelt herein alleged were done with the intent to injure Victor and his ability to make a living.  Victor further alleges on information and belief that Sunbelt knowingly and willfully committed the acts herein alleged in violation of the SECA. Victor is further informed and believes and, on that basis, alleges that said acts were done with oppression, fraud and malice.  Victor is therefore entitled to exemplary and punitive damages against Sunbelt in an amount according to proof.

51.    Sunbelt's improper conduct as alleged herein and above proximately caused injury to Victor in the form of an affront to his human dignity and the invasion of his reasonable expectations of privacy. Moreover, Sunbelt's conduct alleged herein and above, has directly and proximately made it extremely difficult for Victor to fully perform his job duties.

52.    Victor is informed, believes and thereon alleges that unless restrained and enjoined, Sunbelt will continue to commit such acts. Victor's remedy at law is

33

1 not adequate to compensate him for these inflicted and threatened injuries,

2 entitling Plaintiff to remedies including injunctive relief.

**THIRD COUNTERCLAIM**

**(Violation Of California Penal Code § 502)**

5     53.    Victor incorporates by reference and realleges all paragraphs

6 previously alleged herein.

7     54.    California Penal Code section 502 provides a civil cause of action

8 against any person who, among other things, commits the following acts:

9     (a) Knowingly accesses and without permission alters, damages,

10 deletes, destroys, or otherwise uses any data, computer, computer system, or

11 computer network in order to either (A) devise or execute any scheme or artifice to

12 defraud, deceive, or extort, or (B) wrongfully control or obtain money, property,

13 or data.

14     (b) Knowingly accesses and without permission takes, copies, or

15 makes use of any data from a computer, computer system, or computer network, or

16 takes or copies any supporting documentation, whether existing or residing

17 internal or external to a computer, computer system, or computer network.

18     (c) Knowingly and without permission uses or causes to be used

19 computer services.

20     (d) Knowingly accesses and without permission adds, alters,

21 damages, deletes or destroys any data, computer software, or computer programs

22 which reside or exist internal or external to a computer, computer system, or

23 computer network.

24     (e) Knowingly and without permission provides or assists in

25 providing a means of accessing a computer, computer system, or computer

26 network in violation of this section.

27

28

34

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND
COUNTERCLAIM**

1          (f)  Knowingly and without permission accesses or causes to be

2  accessed any computer, computer system, or computer network.

3          55.    California Penal Code section 502(e)(l) provides that, in addition to

4  any other civil remedy available, the owner of the computer, computer system,

5  computer network, computer program or data who suffers loss by reason of the

6  above-analyzed conduct, may bring a civil action for compensatory damages,

7  injunctive relief or other equitable relief.

8          56.    On information and belief, Sunbelt violated California Penal Code

9  section 502 when it improperly began accessing, intercepting, monitoring,

10  reviewing and using Victor's post-employment private electronic data and

11  electronic communications without Victor's knowledge, authorization or consent.

12  On information and belief, Sunbelt additionally, or in the alternative, violated of

13  Penal Code § 502 by intentionally accessing, without authorization, facilities

14  through which Victor's electronic communications were provided and stored (i.e.,

15  Victor's cellular phone provider's network which stores Victor's electronic

16  communications, and or Apple's cloud based network where Victor's electronic

17  communication pertaining to his Apple Account are processed and stored) and

18  where such services and communications were restricted to access by Victor,

19  which Sunbelt obtained through improper means.

20          57.    Based on information and belief, once Sunbelt acquired Victor's post-

21  employment private electronic data as alleged above, Sunbelt improperly used

22  such ill-gotten information to further its improper investigation into Victor's post-

23  employment conduct.

24          58.    Victor is informed, believes, and thereon alleges that  Sunbelt

25  improperly accessed and used the contents of Victor's electronic data and

26  communications to injure Victor and his reputation in the industrial equipment

27  sales industry, to enhance its profitability and revenue by scaring current and

28
                                        35

1  former Sunbelt employees into the belief that they cannot work for Sunbelt's

2  competitors without dire consequences, and to prevent Sunbelt competitors from

3  offering employment opportunities to Sunbelt's current and/or former employees.

4      59.   Victor is informed, believes and thereon alleges that Sunbelt is liable

5  directly and/or vicariously for this cause of action. Victor therefore seeks remedies

6  as provided for by Penal Code § 502, including such preliminary and other

7  equitable or declaratory relief as may be appropriate, damages to be proven at trial

8  and reasonable attorneys' fees and other litigation costs reasonably incurred.

9      60.   Sunbelt's improper conduct as alleged herein and above proximately

10  caused injury to Victor in the form of an affront to his human dignity and the

11  invasion of his reasonable expectations of privacy. Moreover, Sunbelt's conduct

12  alleged herein and above, has directly and proximately made it extremely difficult

13  for Victor to fully perform his job duties.

14      61.   Victor is informed, believes and thereon alleges that unless restrained,

15  Sunbelt will continue to engage in the acts and conduct set forth above, which

16  have resulted and will continue to result in irreparable injury to Victor for which

17  monetary damages would not afford adequate relief, in that they would not

18  completely compensate for the injury to Victor's reputation and goodwill in the

19  industrial equipment sales and rental industry. Sunbelt's continuing conduct may

20  also generate a multiplicity of suits. Victor therefore requests that the court issue

21  a permanent injunction restraining and enjoining Sunbelt, and anyone acting at its

22  direction or in concert with it, from further acts in violation of California Penal

23  Code Section 502.

24      62.   Victor is informed and, on that basis, alleges that the wrongful actions

25  of Sunbelt herein alleged were done with the intent to injure Victor and his ability

26  to make a living. Victor further alleges on information and belief that Sunbelt

27  knowingly and willfully committed the acts herein alleged in violation of

28

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND
COUNTERCLAIM**

California Penal Code section 502. Victor is further informed and believes and, on that basis, alleges that said acts were done with oppression, fraud and malice. Victor is therefore entitled to exemplary and punitive damages against Sunbelt pursuant to California Penal Code section 502(e)(4) in an amount according to proof.

## FOURTH COUNTERCLAIM

### (Violation of California Penal Code § 630 et. seq.)

63.    Victor incorporates by reference and realleges all paragraphs previously alleged herein.

64.    At all material times, Penal Code Section 630 et. seq. was in full force and effect and was binding upon Sunbelt, and existed for the benefit of the individuals like Victor, who is and was protected by the California Invasion of Privacy Act.

65.    Victor had and has a reasonable expectation of privacy that his electronic communications would not be intercepted, reviewed, or otherwise used by his former employer, Sunbelt.

66.    Victor is informed, believes, and thereupon alleges that Sunbelt willfully and without Victor's consent, authorization, or permission began intercepting, accessing, monitoring, reviewing, storing and using Victor's post-employment private electronic data and electronic communications (including but not limited to text messages sent and received by Victor).

67.    On information and belief, Sunbelt additionally, or in the alternative accessed and monitored Victor's stored private electronic data and communications either from his post-employment electronic devices or from Victor's cellular phone provider's network which stores Victor's electronic communications, and or Apple's cloud based network where Victor's electronic

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM**

1  communication pertaining to his Apple Account are processed and stored without

2  Victor's knowledge, authorization or consent.

3      68.    Victor is informed and believes, and based thereon alleges that as a

4  result of Sunbelt's conduct alleged herein and above, Sunbelt reviewed the

5  contents or meaning of electronic messages and communications while the same

6  were in transit or passing over wires, lines, or cables, or were being sent from,

7  received, or stored at any place within California.

8      69.    Victor is further informed, believes, and thereupon alleges that

9  Sunbelt, without the consent of all parties to Victor's electronic communications,

10  intercepted or received and intentionally recorded, or assisted in the interception

11  or reception and intentional recordation and use of, communications transmitted

12  by and between Victor's electronic devices.

13      70.    Penal Code Section 637.2 is a manifestation of the California

14  Legislature's determination that the privacy invasion arising from the non-

15  consensual interception, wiretapping, eavesdropping, or recording of a

16  confidential communication constitutes an affront to human dignity that warrants a

17  minimum of $5,000 in statutory damages per violation, even in the absence of

18  proof of actual damages, as well as injunctive relief enjoining further violations.

19  Sunbelt's unlawful conduct as alleged herein and above caused injury to Victor

20  including but not limited to an affront to his human dignity and the invasion of his

21  reasonable expectation of privacy.

22      71.    Victor is informed, believes, and thereon alleges that  Sunbelt

23  improperly accessed and used the contents of Victor's electronic data and

24  communications to injure Victor and his reputation in the industrial equipment

25  sales industry, to enhance its profitability and revenue by scaring current and

26  former Sunbelt employees into the belief that they cannot work for Sunbelt's

27

28

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR
INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND
COUNTERCLAIM**

competitors without dire consequences, and to prevent Sunbelt competitors from offering employment opportunities to Sunbelt's current and/or former employees.

72.    Sunbelt's improper conduct as alleged herein and above proximately caused injury to Victor in the form of an affront to his human dignity and the invasion of his reasonable expectations of privacy. Moreover, Sunbelt's conduct alleged herein and above, has directly and proximately made it extremely difficult for Victor to fully perform his job duties.

73.    Based upon the foregoing, Victor is entitled to, and below does pray for, statutory damages for each of Sunbelt's violations of Penal Code Sections 630 et. seq. and for all appropriate relief provided under Penal Code Section 637.2.

## FIFTH COUNTERCLAIM
### (Invasion of Privacy)

74.    Victor incorporates by reference and realleges all paragraphs previously alleged herein.

75.    At all material times, Victor had and has a constitutionally protected privacy interest in his private electronic communications.

76.    Moreover, at all material times, Victor has and had a reasonable expectation of privacy that his private electronic communications would not be intercepted, reviewed, or otherwise used by his former employer, Sunbelt.

77.    Victor is informed, believes, and thereon alleges that Sunbelt intentionally invaded Victor's reasonable expectations of privacy by accessing, intercepting, monitoring, reviewing, storing and using Victor's post-employment private electronic data and electronic communications without Victor's knowledge, authorization or consent as part of an unreasonably intrusive and unauthorized investigation into Victor's post-employment conduct.

39

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM**

1     78.   On information and belief, Sunbelt's conduct as alleged herein was a

2 serious invasion of Victor's privacy interests.

3     79.   Victor is informed, believes, and thereon alleges that Sunbelt's

4 intrusions as alleged herein and above would be highly offensive to a reasonable

5 person in that no reasonable person would find it acceptable or otherwise

6 reasonable for a business to intercept, monitor, review, store and use a former

7 employee's post-employment private electronic data and electronic

8 communications as part of a post-employment investigation into the former

9 employee's post-employment conduct without a court order, or the employee's

10 knowledge, authorization or consent.

11     80.   Victor is informed, believes, and thereon alleges that Sunbelt

12 improperly accessed and used the contents of Victor's electronic data and

13 communications to injure Victor and his reputation in the industrial equipment

14 sales industry, to enhance its profitability and revenue by scaring current and

15 former Sunbelt employees into the belief that they cannot work for Sunbelt's

16 competitors without dire consequences, and to prevent Sunbelt competitors from

17 offering employment opportunities to Sunbelt's current and/or former employees.

18     81.   Sunbelt's improper conduct as alleged herein and above caused injury

19 to Victor in the form of an affront to his human dignity and the invasion of his

20 reasonable expectations of privacy. Moreover, Sunbelt's conduct alleged herein

21 and above, has directly and proximately made it extremely difficult for Victor to

22 fully perform his job duties.

23     82.   As a direct and proximate result of Sunbelt's conduct as alleged

24 herein, Victor has sustained and continues to sustain damages in an amount to be

25 proven at trial.

26     83.   Moreover, Sunbelt's conduct as alleged herein and above has caused,

27 and continues to cause Victor to suffer emotional pain and suffering.

28

**DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM**

1

2

## **PRAYER FOR RELIEF**

WHEREFORE, Victor prays for judgment on his counterclaims as follows:

### **First Counterclaim - Violations Of The Federal Wiretap Act, 18 U.S.C. § 2510 et seq.**

1.    For compensatory and statutory damages in an amount to be proven at trial and injunctive relief as set forth herein. Victor also prays for punitive damages and such other and further relief as this court may deem just and proper.

### **Second Counterclaim - Violations Of The Stored Electronic Communications Act, 18 U.S.C. § 2701**

2.    For compensatory and statutory damages in an amount to be proven at trial and injunctive relief as set forth herein. Victor also prays for punitive damages and such other and further relief as this court may deem just and proper.

### **Third Counterclaim – Violations of Penal Code § 502 et. seq.**

3.    For compensatory damages in an amount to be proven at trial, punitive damages, and injunctive relief as set forth herein.

### **Fourth Counterclaim - Violation of California Penal Code § 630 et. seq.**

4.    For compensatory and statutory damages in an amount to be proven at trial and injunctive relief as set forth herein. Victor also prays for such other and further relief as this court may deem just and proper.

### **Fifth Counterclaim – Intrusion into Private Matters**

5.    For compensatory damages in an amount to be proven at trial and for such other and further relief as this court may deem just and proper.

### **All Counterclaims**

6.    For costs of suit herein, for reasonable attorneys' fees incurred, and For such other and further relief as this court may deem just and proper.

DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM

1

2   Dated:  November 1, 2013          MORRIS POLICH & PURDY LLP

3

4

5                                     By: /s/ Kevin M. Pollack
                                       Beth A. Kahn
6                                      Kevin M. Pollack
                                       Attorneys for Defendant Santiago Victor
7

8

9

10              <u>**DEMAND FOR JURY TRIAL ON COUNTERCLAIMS**</u>

11         Pursuant to F.R.C.P. 38 (b) Victor hereby demands trial by jury of all

issues so triable that are raised herein the above counterclaims or which
12
hereinafter may be raised in this action.
13

14

15  Dated:  November 1, 2013          MORRIS POLICH & PURDY LLP

16

17

18                                    By: /s/ Kevin M. Pollack
                                       Beth A. Kahn
19                                     Kevin M. Pollack
                                       Attorneys for Defendant Santiago Victor
20

21

22

23

24

25

26

27

28
                                       42
     **DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR
     INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND
     COUNTERCLAIM**

# CERTIFICATE OF SERVICE

*Sunbelt Rentals, Inc. v. Santiago Victor*
USDC, Northern District of California, Case No. C 13-4240 SBA

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen (18) years and am not a party to the within action.

On November 1, 2013, pursuant to the Court's Electronic Filing System, I submitted an electronic version of the following document(s) via file transfer protocol to ECF (Electronic Case Filing)

## DEFENDANT'S FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES; DEMAND FOR JURY TRIAL; AND COUNTERCLAIM

and true copies of these documents were served electronically upon all counsel of record by the Court's CM/ECF System, or if such service is not authorized, by first class mail, in accordance with Rule 5 of the Federal Rules of Civil Procedure.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 1, 2013, at Los Angeles, California.


*/s/ Marie B. de Veyra*
**Marie B. de Veyra**