UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| SUNBELT RENTALS, INC.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SANTIAGO VICTOR,<br><br>　　　　Defendant. | Case No: C 13-4240 SBA<br><br>**ORDER DENYING DEFENDANT'S ADMINISTRATIVE MOTION FOR ADDITIONAL TIME TO AMEND COUNTERCLAIMS**<br><br>Dkt. 61 |

　　　　Plaintiff Sunbelt Rentals, Inc. ("Sunbelt"), filed the instant action against its former employee Santiago Victor ("Victor"), alleging that he misappropriated Sunbelt's trade secrets and improperly solicited Sunbelt customers following his resignation.  In response, Victor filed a Counterclaim against Sunbelt, accusing it of intentionally intercepting and accessing text messages on his Sunbelt-issued iPhone which he had returned to Sunbelt upon his departure.  The Counterclaim alleged violations of: (1) the Wiretap Act; (2) the Stored Communications Act; (3) California Penal Code § 502 et seq.; (4) California Penal Code § 630 et seq.; and (5) the right to privacy.  Dkt. 34.   Upon motion of Sunbelt, the Court dismissed the counterclaims with leave to amend.  Dkt. 58.  Victor had until September 18, 2014, to file his amended counterclaims.  Dkt. 58 at 14.

　　　　On September 16, 2014, Victor filed an administrative motion requesting to extend his deadline to amend until December 1, 2014, which is the deadline set by the Court to join parties and amend the pleadings in accordance with Federal Rule of Civil Procedure 16(b)(3)(A).  Dkt. 61, 63.  Victor claims that Sunbelt possesses the information necessary to amend his counterclaims, and that such information can be obtained only through discovery which has yet to be provided.  Dkt. 61 at 2-3.  More specifically, Victor asserts

that Sunbelt has yet to produce: documents "relating to Victor's former counterclaims"; the iPhone from which Sunbelt allegedly accessed Victor's text messages and the information stored therein; and corporate deponents to explain the details of how Sunbelt obtained information from the iPhone. Dkt. 61-1 ¶ 5.

The Civil Local Rules require that a party seeking to alter an existing deadline establish, inter alia, "the reasons for the requested enlargement or shortening of time" as well as "the substantial harm or prejudice that would occur if the Court did not change the time[.]" Civ. L.R. 6-3(a). Victor neither cites Local Rule 6-3, nor does his administrative motion address the specific requirements of the rule. On that basis alone, Victor's motion is subject to denial. See Tri-Valley CARES v. U.S. Dept. of Energy, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion."). Moreover, Victor has not shown good cause for the proposed extension. As noted by the Court in its order dismissing Victor's counterclaims, no facts were alleged establishing that Sunbelt intentionally accessed or intercepted his text messages. To the contrary, by Victor's own admission, Sunbelt merely reviewed text messages inadvertently sent to Victor's Sunbelt iPhone as a result of his failure to unlink the phone from his personal Apple account. See Countercl ¶ 19; Def.'s Opp'n to Pl.'s Mot. to Dismiss at 3. Given those set of facts, it is unclear how any of the discovery sought by Victor from Sunbelt will rectify the deficiencies which led to the dismissal of the counterclaims in the first instance.[1] Accordingly,

---

[1] Under Rule 11 of the Federal Rules of Civil Procedure, Victor was required to have completed his investigation before filing suit, not after. See Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002) (noting that under Rule 11, "[t]he attorney has a duty prior to filing a complaint . . . to conduct a reasonable factual investigation") (emphasis added). To the extent that Victor lacked sufficient information to support his numerous counterclaims, he should have refrained from bringing them in the first instance. See In re Cisco Sys. Inc. Secs. Litig., No. C 11-1568 SBA, 2013 WL 1636384, *1 (N.D. Cal. Apr. 16, 2013) (denying motion to extend time to file amended complaint where plaintiff claimed it needed to conduct additional investigation to rectify the deficiencies which led to the dismissal of the complaint).

1  IT IS HEREBY ORDERED THAT Defendant Victor's Motion for Administrative
2 Relief Re: Additional Time to Amend Counterclaims is DENIED.  Victor shall file his
3 amended counterclaims within five (5) days of the date this Order is filed.  The failure to do
4 so will result in the dismissal of Victor's counterclaims with prejudice.  This Order does not
5 preclude Victor from filing a stipulation and proposed order to file amended counterclaims,
6 or a motion for leave to amend if no stipulation is reached, on or before the December 1,
7 2014, deadline to join parties or amend the pleadings.
8  IT IS SO ORDERED.
9 Dated:  October 14, 2014

SAUNDRA BROWN ARMSTRONG
United States District Judge