January 23, 2015

Hon. Joseph C. Spero
United States Magistrate Judge

***Re:*** ***Sunbelt Rentals, Inc. v. Santiago Victor,***
**Case No.: C 13-4240 SBA**
**Assigned to: Hon. Saundra B. Armstrong**
***(Joint Letter Discovery Dispute)***

Dear Honorable Joseph C. Spero:

The current discovery cut-off is **March 2, 2015.** After engaging in further in-person meet and confer sessions on January 16, 2015 and January 22, 2015, the parties have reached agreements on many of the issues previously in dispute. However, certain discrete issues remain unresolved. Below is a summary of where the parties presently stand on the discovery issues that were in dispute.

**Victor's Notice of Deposition to Sunbelt's Person Most Knowledgeable Regarding Categories 27, 28, 29**

The parties agree that Sunbelt will produce a corporate representative to testify about Sunbelt's knowledge concerning the extent of Victor's alleged misappropriation. The parties agree that the witness will be prepared to testify about the average yearly rental revenue per customer for the customers Sunbelt contends Victor misappropriated and the relevant time frame will be January 1, 2010 through December 31, 2014.

**Victors request for Production 5, 6, 8,10,11,13, and14 to Sunbelt**

The parties agree that Sunbelt will produce all employment handbooks, and all policies, procedures and guidelines regarding employee use of electronic devices, Sunbelt's electronic communication system, training provided to Sunbelt employees pertaining to the electronic communication system, employee use of Sunbelt's company computers and systems, and training Sunbelt provided to employees regarding the use of Sunbelt's company computers and systems for the California location where Victor worked for Sunbelt. Sunbelt will also provide supplemental responses to these requests specifying the bates stamp numbers of the documents that are responsive to each request.

DISPUTE: The parties still disagree as to the relevant time frame for the documents to be produced. Sunbelt contends that the relevant time period should be February 1, 2013 to August 19, 2013. Victor contends that the relevant time period should be from the 2007 date when Victor began his "Jumpstart Training" program to become a sales representative for Sunbelt until Victor's last day of employment with Sunbelt (August 19, 2013).

Victor contends that he is entitled to review the relevant employment documents that governed his employment between the 2007 date when Victor began his "Jumpstart Training" program to become a sales representative for Sunbelt and his last day of employment with Sunbelt (8/19/2013) to evaluate how Sunbelt may have communicated to Victor any and all policies and procedures relating to alleged proprietary and trade secret information and how those policies and procedures may have changed over the course of his training and employment as a Sunbelt sales representative. This entire time period is also relevant to evaluate whether Sunbelt actively enforced its policies, including if and how Sunbelt identified and protected its alleged propriety and trade secret information. Victor contends that such issues are vital to defenses raised by Victor.

---

The 7 month time period proposed by Sunbelt necessarily precludes Victor from obtaining potentially crucial evidence that would support Victor's defense. Sunbelt's reference to the 12 month "look back period" in Sunbelt's non-compete agreement is irrelevant, actually exceeds the 7 month period proposed by Sunbelt, and, most importantly, ignores Sunbelt's other causes of action against Victor including misappropriation of trade secrets. It is Sunbelt's burden to establish the existence of trade secrets, which requires proof that Sunbelt actively protected the secrecy of proprietary information, which necessarily requires discovery of what, if anything, Sunbelt communicated to Victor over the entire course of his employment as a sales representative.

Sunbelt contends that the relevant time period for these requests should be February 1, 2013 to August 19, 2013. Pursuant to Defendant's Employment Agreement with Sunbelt, the look-back period for the restrictive covenant is the twelve (12) calendar months immediately preceding the termination or expiration of the agreement. Victor resigned August 19, 2013. Sunbelt alleges Victor initiated the activities leading to this claim as early as February, 2013. Sunbelt contends that the policies and procedures in place during the time period relating to Victor's breach and misappropriation are the only relevant policies and procedures to this claim. Defendant's position regarding the time period is based on the flawed presumption that the trade secrets alleged to have been misappropriated were originally communicated to Defendant at the inception of his employment as a sales representative. However, in the spirit of compromise, Sunbelt is willing to extend discovery to January 1, 2010. Obtaining discovery going back well beyond the time period that applies to this claim is far too attenuated and burdensome. *See Motton v. Owens*, 128 F.R.D. 72, 73 (M.D. Pa. 1989). Further, the parties agreed that testimony in connection with Sunbelt's corporate representative will only extend as far back as January 1, 2010. In light of this compromise, there is no reason for a different time frame for these requests.

**<u>Sunbelt's Production of Documents that are Bates Stamp Numbered 389-604</u>**

The parties agree that Sunbelt will produce all documents identified by bates stamp numbers 389-604 by January 26, 2015.

**<u>Victor's Requests for Production Nos. 28-49 to Sunbelt</u>**

The parties agree that Sunbelt will produce all non-privileged documents that are responsive to these requests for the time period determined by the court. The parties also agree that Sunbelt will provide supplemental responses confirming that it has produced all non-privileged documents that are responsive to these requests and specifying the bates stamp numbers of all documents that are responsive to each request for the time period determined by the Court.

DISPUTE: The parties still disagree as to the relevant time frame for the documents to be produced with regard to the documents Sunbelt contends show the steps, measures, etc. it has taken to protect these alleged trade secrets. Sunbelt believes the relevant time frame should be February 1, 2013 to August 19, 2013. Victor believes the relevant time frame should be the 2007 date when Victor began his "Jumpstart Training" to become a sales representative for Sunbelt and Victor's last day of employment with Sunbelt (8/19/2013). (See above arguments regarding relevant timeframe for Requests 5, 6, 8, 10, 11, 13 and 14.)

**<u>Victor's Request for Production of Documents No. 67 to Sunbelt</u>**

The parties agree that Sunbelt will produce all documents that Sunbelt contends constitute a customer list and that Sunbelt contends were misappropriated by Victor. Sunbelt will also provide

supplemental responses identifying the bates stamps numbers of the documents that are responsive to this request.

**Victor's Request for Production of Documents No. 54-59 to Sunbelt**

The parties agree that Sunbelt has or will have produced all non-privileged documents responsive to these requests. The parties further agree that Sunbelt will provide supplemental responses in response to these requests confirming that it has produced all non-privileged documents responsive to these requests and specifying by bates stamp numbers the documents responsive to each request.

**Victor's Request for Production of Documents No. 63 to Sunbelt**

The parties agree that Sunbelt has or will have produced all non-privileged documents responsive to this request. The parties agree that Sunbelt will provide supplemental responses in response to this request confirming that it has produced responsive documents and specifying by bates stamp numbers the documents responsive to these requests.

To the extent that any responsive documents are electronically stored information both parties agree that the responsive documents will be subject to the procedure identified in response to requests 19-23 (below).

**Victor's Request for Production of Documents No. 72-79 to Sunbelt**

The parties agree that Sunbelt will provide supplemental responses in response to these requests indicating that it has identified no responsive documents concerning prior lawsuits filed by Sunbelt in the last 10 years in California concerning similar allegations to those made against Victor.

**Victor's Request for Production of Documents Nos. 19-23 to Sunbelt**

The Parties agree that Sunbelt will produce documents responsive to these requests pursuant to the following procedure: The parties will engage third party vendors and provide estimated costs for the third party vendor's services. The parties agree to share the costs equally of the third party vendor's services and agree to approve the costs prior to incurring them.

The parties agree to a procedure whereby they will exchange key word search terms for the search of electronic data. Key word searches may include a request to produce all text messages and other electronic communications stored on the iPhone Victor used while employed by Sunbelt sent to or from Victor. The third party vendor will search for such electronic data using the key words provided. The producing party will then search the results to determine whether any irrelevant, privileged or otherwise private information should be withheld. All search results not containing irrelevant, privileged or otherwise private information will be produced to the other party. If information is withheld, the withholding party will provide the other party a log sufficiently identifying what is being withheld and the grounds for withholding the information so that the other party may evaluate the grounds for non-production. The parties agree to supplement responses immediately if new information comes to their attention.

With respect to Victor's Requests for Production of Documents, Sunbelt's agreement to supplement its responses and produce responsive documents is subject to Sunbelt's previous over-breadth and burdensome objections. Particularly, the requests demand the production of "any and all" documents that "relate, refer, or concern" the categories of documents identified in each request. The use of such phrases violates the reasonable particularity requirement of Fed. R. Civ. P. 34. *See Leisure Hospitality, Inc. v. Hunt Props., Inc.*, No. 09-CV-272-GFK-PJC, 2010 WL 3522444, *3 (N.D. Okla. Sept. 8, 2010).

**Sunbelt's Request for Production of Documents Nos. 1, 3, 9, 13, 17 to Defendant**

The parties agree that Victor has or will have produced all non-privileged documents responsive to these requests. The parties further agree that Victor will provide supplemental responses in response to each of these requests confirming he has produced all non-privileged documents and specifying by bates stamp numbers the documents responsive to these requests.

**Sunbelt's Request for Production of Documents Nos. 6, 8, and 18 to Defendant**

The parties agree that Victor will produce documents responsive to these requests pursuant to the agreement to utilize a third party vendor specified above (see argument as to Victor's requests 19-23). The parties agree the relevant timeframe for request 6 is August 1, 2013 through the date of production. The parties agree the relevant timeframe for request 18 is February 1, 2013 through the date of production. Sunbelt contends the relevant timeframe for request 8 is February 1, 2013 through the date of production.

**Sunbelt's Request for Production of Documents No. 7 to Defendant**

The parties agree that Victor has or will have produced all non-privileged documents responsive to this request. The parties further agree that Victor will provide supplemental responses in response to each of these requests confirming he has produced all non-privileged documents and specifying by bates stamp numbers the documents responsive to these requests.

**Sunbelt's Request for Production of Documents No. 12 to Defendant**

The parties agree that Victor has or will have produced all non-privileged documents responsive to this request. The parties further agree that Victor will provide supplemental responses in response to this request confirming he has produced all non-privileged documents and specifying by bates stamp numbers the documents responsive to these requests.

**Sunbelt's Request for Production of Documents No. 20 to Defendant**

The parties agree that Victor will provide supplemental responses in response to this request confirming whether he has produced all non-privileged documents and specifying by bates stamp numbers the documents responsive to these requests (if any).

**REMAINING ISSUE:** Victor uses a phone that is owned and supplied by his employer. Therefore, Victor feels he needs permission from his employer to disclose the provider and phone number for the phone. If Victor cannot provide telephone bills, Sunbelt requests Victor provide it with the telephone number and service provider, of the phone issued to him by his employer so Sunbelt may subpoena the records.

**Dates for Production and Service of Supplemental Responses**

The parties agree that, with the exception of electronically stored information and Sunbelt's production of documents that are bates stamp numbered 289-604, the parties will produce all documents and serve all supplemental responses on February 6, 2015.

**Dates for Production of Electronically Stored Information**

The parties agree to exchange search terms by 2/13/2015; complete searches by 2/20/2015 and communicate the results of each search by 2/25/2015.

---

**Privilege Logs**

The parties agree to update and exchange privilege logs identifying all responsive documents that are being withheld on the grounds of privilege.

**Victor's Motion to Modify Scheduling Order to Continue Discovery and Expert Witness Deadlines**

This motion was referred to Magistrate Spero for a report and recommendations. Victor proposes to extend the (1) fact discovery cut-off from 3-2-2015 to 5-16-2015; (2) expert designation from 3-2-2015 to 5-31-2015; (3) rebuttal expert designation from 3-16-2015 to 5-31-2015; and (expert discovery cut-off from 5-11-2015 to 7-17-2015. None of these extensions will materially affect the other court ordered deadlines or the original trial date of October 5, 2015.

Plaintiff Sunbelt has now agreed to extend these deadlines as follows: (1) fact discovery cut-off to 3-31-2015; (2) expert designation to 3-31-2015; (3) rebuttal expert designation to 4-17-2015; and (4) expert discovery cut-off to 5-30-2015.

DISPUTE: Although plaintiff Sunbelt has now agreed to certain extensions of these deadlines, defendant Victor believes that the Court should extend the deadlines to the dates proposed by Victor for the reasons set forth in Victor's motion. In essence, notwithstanding the discovery agreements set forth in this letter, Victor believes it needs the requested additional time to allow it to evaluate the results of the discovery addressed in this letter to determine and then complete the additional fact and expert discovery necessary to properly defend the case on its merits. Victor is surprised that Sunbelt is now concerned about the deadline for dispositive motions since it did not indicate an intent to file such a motion in the joint case management statement filed with the Court. If the Court feels that the parties should have more than 30 days after the fact discovery cut-off date to file dispositive motions, Victor would agree to a fact discovery cut-off date of May 1, 2015.

Sunbelt believes the deadlines should not be extended beyond those proposed by it because it would interfere with the parties' ability to meet the Court's remaining deadlines. For example, Defendant requests that the fact discovery cut-off be extended to May 16, 2015. However, dispositive motions are due by June 16, 2015, and must be filed, served and noticed in writing on the motion calendar of the assigned Judge for hearing not less than 35 days after filing of the motion. Furthermore, the Court's hearing dates for Law & Motions is only on Tuesdays and are available on a first come first serve basis. Plaintiff believes a March 31, 2015 discovery deadline would provide the required time to file, serve, and notice a dispositive motion before the June 16, 2015 deadline. Granting Defendant's requested extension is likely to result in fact discovery not being completed in time for filing and noticing dispositive motions.

**MORRIS POLICH & PURDY LLP**

*/s/ Kevin M. Pollack*

Beth A. Kahn
James M. Chantland
Kevin M. Pollack

**SMITH, GAMBRELL & RUSSELL, LLP**

/s/ *Yash B. Dave*

Patricia J. Hill
Yash B. Dave